## SUPREME COURT,

SHELDON, appellant, agt. ALBRO AND PARKER, respondents.

Appeals to the County Court which are transferred to the Supreme Court in pursuance of the *31st section* of the *act amending the act in relation to the judiciary, passed December 14, 1847, may* be heard and decided at special term of the Supreme Court.

They are not such appeals as are provided for by section 346 of the Code. That section was intended to provide for an appeal from an inferior court *to* the Supreme Court.

*Erie County General Term, April,* 1853. Before MARVIN, P. J., and MULLETT and TAGGART, Justices.

This action was commenced and judgment rendered therein, before a justice of the peace of Niagara county, in favor of the defendant. The plaintiff appealed to the County Court of Niagara county. The county judge made a certificate in pursuance of the 31st section of the act passed December 14, 1847, entitled " An act to amend the act in relation to the judiciary," passed May 12, 1847.

*By the Court*—TAGGART, Justice.—The only question I propose to examine in this case is whether the cause should be heard at a general or special term of the Supreme Court. The 31st section of the act of December 14, 1847, above cited, provides that " Whenever a cause or matter shall be pending in any County Court in which the judge of such court shall have been attorney, solicitor or counsellor, or shall be interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties, * *or in the decision of which he shall have taken a part when sitting as judge in any other court,* it shall be his duty to make a certificate stating such fact and file the same in the office of the clerk of such County Court, and thereupon jurisdiction of such cause or matter shall be vested in the Supreme Court, in which such

* The part in Italic was probably inserted without referring to the provision of the Constitution of 1846, which omits the disqualifying clause contained in the previous Constitution. This part of the section is probably inoperative.

proceedings shall be had therein, according to the practice of such court, as might have been had in such County Court, if such cause or matter had remained therein."

Section six of the sixth article of the Constitution provides that, "Any three or more of the justices of the Supreme Court (of whom one must be a presiding justice) may hold general terms; and any one or more justices may hold special terms and circuits."

Section 346 of the Code of 1851 provides that appeals in the Supreme Court shall be held at general term. This section is in chap. 3, of title 11, of the Code. The general heading of the title is "Of appeals in civil actions." The heading of the first chapter of the title is "Appeals in general;" chapter two, "Appeals to the Court of Appeals," and chapter three, "Appeals to the Supreme Court from an inferior court." Section 346 is in its terms broad enough literally to include the appeal in this case, but we may inquire whether the section is not limited by the heading of the chapter, and confined in its operation to appeals *to* the Supreme Court. The heading of the next is "Appeals in the Supreme Court, and from a single judge to the general term." The last clause of section 348, (the first section in this chapter,) provides that, "in the Supreme Court the appeal must be heard in the same manner as if it were an appeal from an inferior court." I think it pretty evident from an examination of these provisions that section 346 was only intended to apply to appeals from an inferior to the Supreme Court, and that *such* appeals are to be heard at a general term. That the word "*in*" after the word "appeals" at the beginning of the section, was inserted by mistake instead of the word "to." Any other construction will render the last sub-division of section 348 unnecessary and nugatory. Section 346 and the last clause of section 348 literally contain precisely the same provision. They should therefore be construed so as to preserve the spirit of each and give effect to both. The construction I have given section 346 accomplishes this object, and makes the provision thereof consistent with other provisions, and also with the general order of business in the court.

The appeal in this case is not an appeal *to* the Supreme Court but is an appeal *to* the County Court. It is in the Supreme Court by force of a statute existing prior to the Code, and which was only intended to substitute the Supreme Court for the County Court in certain cases. The special term is, both by the constitution and the statute, as clearly the Supreme Court as the general term. Hence, aside from the provisions of section 346 there could be no question but that the special term might entertain jurisdiction in a case like this.

I am not aware of any reported decision of a case like the present, but think such cases must have been frequently heard and decided at special term without raising the question.

In case of Commissioners of highways of Schroepel agt. Oswego and Syracuse Plank Road Company, (7 *Howard Pr. R.* 94,) Mr. Justice HUBBARD heard and decided at special term an appeal from an order of County Court removing a toll gate. That appeal was brought under the act for the incorporation of plank road and turnpike road companies, and had been referred as provided by the act of 1851, amending the same, to referees, and was heard on the report of the referee. Mr. Justice HUBBARD reversed the decision of the referees and recommitted the case to them to hear *de novo.* I refused to hear a case precisely like the last mentioned at special term, and it was afterwards heard and decided at general term.

In both of those cases the appeal was from an inferior court *to* the Supreme Court, and should have been heard at general term unless it is held that they are not appeals under the Code, and therefore not within the provisions of section 346.

This case is not like the case reported in 7 *Howard.* It is an appeal *to* the County Court under the Code, while that was an appeal *to* the Supreme Court and *not* under the Code.

If I am right in my construction of section 346 of the Code, it is not necessary to have this appeal heard at general term, but it *may*, and on some accounts ought to be heard at special term. It is unreasonable to suppose that the Legislature could have intended that appeals to the County Court when transferred to the Supreme Court should be heard by the appellate

branch of that court.  It is also the evident policy of the Code to allow two appeals in all cases.  If the suit originates in a Justices' Court an appeal is given to the County Court, and from that to the Supreme Court.  If a suit originates in the County Court an appeal is given to the Supreme Court and from that court to the Court of Appeals.  So, if a cause originates in the Supreme Court the judgment in the first instance is ordinarily rendered upon the direction of a single judge, and from his judgment the parties may appeal to the general term, and from the judgment of the general term to the Court of Appeals.  If this case is to be heard at the general term in the first instance there is but one appeal in the cause, and the general policy of the Code is therefore defeated.

Another view of the case relates to the question of costs. These must be allowed as though the cause had been heard in the County Court, without any increased compensation for the increased labor and expense of bringing the cause to a hearing and decision at general term.

There is also a class of cases of frequent occurrence where the argument founded on inconvenience has great force.  There are cases of appeal to the County Court which may require a view by the county judge.  If such case is transferred to the Supreme Court a view must be had by that court.  In some counties no general term is held for several successive years.  A case of this kind arising in *such* county, cannot be heard at a general term in any other county, and must therefore be delayed for years until a term shall be held, in the county.

Appeals are allowed from the decisions of trustees of villages in relation to streets, highways, &c., to the county courts, and which may be brought into the Supreme Court by certificate. Such appeals were given by the following named village charters, viz : Plattsburgh, Lockport, Albion, Flushing, Newburgh, and the former charter of the village of Brooklyn.  It is true that these appeals are not under the Code, but to preserve harmony in the system, it is requisite that all appeals of like grade should be heard, if consistent with the rules of law, by the same court.

Without, however, deciding that appeals like the one in this case *must* be heard at special term, I am clear that it *may* be heard there; and for the convenience of the courts and suitors therein, as well as to comply with the spirit and design of the provisions of the Code, they *should* be heard at *special term*.

The court unanimously resolved that appeals to the County Courts, which are transferred in pursuance of the 31st section of the act amending the act in relation to the judiciary, passed December 14, 1847, shall hereafter be brought to argument and heard and decided in the first instance, at a special term of the Supreme Court.