Balcom, Justice.
This cause has been transferred by the Cortland county court to this court, by reason of a clause in subdivision thirteen of section thirty of the Code, which clause is as follows: “ But any action or proceeding pending in the county court, in which the county judge is for any cause incapable of acting, may be transferred by the county court to the supreme court, and thereupon the papers therein on hie in the county court shall be transmitted to the supreme court, in the same district, which shall thenceforth have jurisdiction of such action or proceeding.”
This provision cannot be construed to require the transmission of the papers in all actions and proceedings in the county *533 court in which, the county judge is incapable of acting, to the general term of the supreme court in the same district; for the reason that all such actions and proceedings in which no judgment has been rendered, must be determined in the first instance at a circuit or special term by a single judge of the court. (See Code, § 278.) Nor do I think it requires the papers in any such action or proceeding to 'be transmitted to the general term.
The statute which directs that appeals in the county court shall be brought to a hearing at a general term of that court, (Code, § 364,) has no application to the hearing of an appeal which has been transferred from that court to this court.
I am satisfied that section 346 of the Code, which provides for the hearing of appeals in the supreme court at a general term, embraces only appeals to that court from the decisions of inferior courts. The appeal in this cause was not brought to this court, but to the county court. It has been transferred from the latter court to this court, solely for the reason that the county judge is incapable of acting in the cause. And I think the appeal must be heard in this court on the original papers, in the same manner that it would have been heard in the county court, if the county judge could have decided it. {See Code, § 365.) The costs which the successful party will recover on the determination of the appeal in this court, are such only as he would have recovered if the county court had decided the cause. (Taylor agt. Seeley, 3 Code Rep. 84.)
The reasoning of the court in Sheldon agt. Albro, (8 How. Pr. Rep. 305,) has convinced me, that cases like the one under consideration, should be heard and determined in the first instance, at a special term of this court, and such has been the practice in this district. I should have been governed by the decision in Sheldon agt. Albro, (supra,) without attempting to demonstrate its soundness, if I had not been informed that one of my brethren in this district, had lately refused to hear a case like this at a special term, by reason of an unreported decision of the general term in the fifth district.
The decision in Sheldon agt. Albro, was made by the general *534 term in the eighth district. And I am satisfied it is correct and must follow it in determining where the appeal in this cause should be heard in the first instance. Where a cause in which the county judge is incapable of acting, is determined by a single judge of this court at a special term, an appeal may be taken from his decision to the general term. (See Code, § 348.) And thus the same number of appeals are (reserved, and the same amount of costs recovered in the cause, as if the county judge acted in it. This appeal must be determined at the special term in the first instance.
Mason, J.,
examined the foregoing opinion, and concurred therein. Gray, J., after reading such opinion, expressed his views as follows: “ The Code has not by any provision contained in it, prohibited an appeal from a justice’s court, when certified to the supreme court by a county judge, from being heard and decided at special term. A special term is by the constitution, (Article 6, § 6,) a term of the supreme court. I have heard and decided such cases, and had not then and have not now, any doubt as to my jurisdiction.”
The general term in the 6th district, held in Cortland county in November, 1858, by Gray, Mason, Baloom and Campbell, Justices, decided in Crandall agt. Rodgers, and in Wiles agt. Peck and others, that appeals from judgments of justices of the peace, which the county judge is incapable of deciding by reason of his relationship to the parties, or for other causes, must be heard in the first instance at a special term of the supreme court, instead of the general term. And all the justices concurred in the decision.